| | |
|---|---|
| 1  LAURIE A. TRAKTMAN (SBN 165588)<br>   **GILBERT & SACKMAN**, A Law Corporation<br>2  3699 Wilshire Boulevard, Suite 1200<br>   Los Angeles, California 90010-2732<br>3  (323) 938-3000; Fax: (323) 937-9139<br>   email: lat@gslaw.org<br>4  Attorneys for Plaintiffs | JS-6 |

<br>

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 88 SECTION 401(k) PLAN; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AIR CONDITIONING & SHEET METAL CONTRACTORS' ASSOCIATION, INC.; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS 88 RETIREE HEALTH PLAN; BOARD OF TRUSTEES OF THE LOCAL 88 INDUSTRY STABILIZATION PROGRAM; and BOARD OF TRUSTEES OF THE LOCAL 88 APPRENTICE TRAINING AND JOURNEYMAN EDUCATIONAL FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MAXIMUM ENTERPRISES, LLC dba MAXIMUM REFRIGERATION; BRIAN MADISON HARRIS; PATRICIA JEANNE HARRIS; and JOSEPH BERNARD ENGLISH, individuals,<br><br>Defendants. | Case No. CV-09-9383 SJO (AGRx)<br><br>ORDER ON STIPULATION FOR JUDGMENT |

Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Sheet Metal Workers Pension Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers Health Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers Local 88 Section 401(k) Plan; Board of Trustees of the Southern Nevada Air Conditioning & Sheet Metal Contractors' Association, Inc.; Board of Trustees of the Sheet Metal Workers 88 Retiree Health Plan; Board of Trustees of the Local 88 Industry Stabilization Program; and Board of Trustees of the Local 88 Apprentice Training and Journeyman Educational Fund, (collectively the "Plans" or the "Trust Funds"), and defendants, Brian Madison Harris and Patricia Jeanne Harris, (collectively "Individual Defendants"); Maximum Enterprises, LLC dba Maximum Refrigeration ("the Company") (collectively "Defendants"), the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Company and the Individual Defendants are indebted to the Plans in the amount of $52,444.86. Said amount is comprised of contributions in the amount of $25,109.15 for the delinquent work months of October 2009 ($6,513.96), November 2009 ($12,219.88) and December 2009 ($6,375.31); liquidated damages and late filing fees in the amount of $19,324.79 for all delinquent work months through December 2009; interest at 10% per annum in the amount of $2,510.92; reimbursement of plaintiffs' reasonable fees ($5,000.00), and reimbursement of plaintiffs' recoverable costs of suit ($500).

2. Judgment may be entered in this case in favor of the Plans and against the Company and Individual Defendants jointly and severally, in the amount of $52,444.86 in delinquent employee benefit plan contributions, liquidated damages, attorney fees and

costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

     3.     The Company and Individual Defendants may satisfy the judgment by paying a total of $44,433.94. Specifically, the Company and Individual Defendants shall pay $25,109.15 for the delinquent work months of October 2009 ($6,513.96), November 2009 ($12,219.88) and December 2009 ($6,375.31) and liquidated damages in the amount of $19,324.79 for all delinquent work months through December 2009, by making installments pursuant to the following installment plan: One installment of $25,109.15 shall be made on or by May 1, 2010, followed by a final installment for liquidated damages in the amount of $19,324.79 on or by June 1, 2010. There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

     4.     In the event the Company and Individual Defendants, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendants, plus interest on such unpaid amounts at the annual rate of ten percent.

     5.     This Court may retain jurisdiction over this matter through October 2010, to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and

1. equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants. Supplemental judgments may be entered in this action against the Company and Individual Defendants and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

7. This Stipulation does not limit the Trust Funds' right to file additional court actions to collect any additional sums owed should the Trust Funds discover further moneys owed to the Plans.

8. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED.**

Dated: __4/2/10_____    _____S. James Otero_____
                                                            Hon. S. James Otero